IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAITLYN GAINES,

    Plaintiff,

vs.                                                     CIV 11-0984 KBM/RHS

GEICO INDEMNITY
INSURANCE COMPANY,

    Defendant.

## ORDER ALLOWING WITHDRAWAL OF NOTICE OF REMOVAL AND AWARD OF ATTORNEY FEES

THIS MATTER is before the Court on GEICO's Motion to Withdraw Defendant's Notice of Removal Civil Action *(Doc. 12)*. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 8 & 9*. The Court has reviewed the motion and briefs of the parties as well as the relevant authorities.

Plaintiff amended her complaint in state court about a year after the suit was filed to add claims for unfair trade practices and breach of good faith and fair dealing. In response to that amendment, Defendant GEICO filed a notice of removal to federal court which now seeks to withdraw. Plaintiff agrees that the case should be remanded to state court, but that Defendant should be required to pay her attorney's fees in researching authority cited by Defendant in support of the removal.

Defendant GEICO contends that by bringing the additional claims, Plaintiff substantially changed the nature of the action such that it became a "new suit" from which the 30-day removal period began anew. Defendant argues that

> [t]hough right of removal may have been present and waived in the first instance, a sufficiently substantial change in the nature of the action may afford the opportunity; the question is whether alteration has so changed character of litigation as to make it substantially a new suit begun that day.

*Doc. 14* at 3 (citing *Adams v. Western Steel Buildings, Inc.*, 296 F. Supp. 759 (1969).  In the cited *Adams* case, the court examined when such a change amounts to a "new suit" for removal purposes, and it reached the same conclusion as this Court:

> The amount of amendment which can be allowed before the opportunity to remove is re-afforded is largely a question of degree, and there is, of course, a point beyond which it would be manifestly unjust to deny a new chance at removal in view of substantial changes in the nature and substance of the claims asserted.  The instant case does not rise to that level.

*Adams*, 296 F. Supp. at 762 (D. Colo. 1969).  Indeed, evidently Defendant now agrees with that assessment as it recites in its motion to withdraw "the fact that removal is not proper in this matter." *Doc. 12* at 1-2.

Here, Plaintiff seeks attorney fees because she has filed both a motion for protective order and a motion to remand, *see Docs. 5 & 6*, and was required to research the *Adams* opinion relied upon by Defendant as supporting removal.  Defendant correctly notes that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Because the Court finds that the basis originally relied on for removal was objectively unreasonable given the nature of the amendments to the complaint, Plaintiff will be awarded attorney's fees in researching the case law and preparing the response brief in the requested sum of $1,237.50 plus gross receipts tax of $89.25 to be paid within 30 days of entry of

this Order.

Wherefore,

IT IS HEREBY ORDERED that GEICO's Motion to Withdraw Defendant's Notice of Removal Civil Action *(Doc. 12)* is **granted**, and Plaintiff is awarded her attorney's fees as directed herein. Plaintiff's Motion for Protective Order *(Doc. 5)* and Motion to Remand *(Doc. 6)* are found to be moot.

IT IS FURTHER ORDERED that this action is hereby remanded to Second Judicial District Court, County of Bernalillo, New Mexico.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE